UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESTGATE PRODUCTS, LLC, et al.,

    Plaintiff,

v.                                Case No. 19-C-0247

CAREY EDWARDS,

    Defendant.

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiffs Westgate Product, LLC, Westgate Cups, LTD, and Westgate Printing, LLC filed a complaint alleging a variety of state law claims against Carey Edwards, a Missouri citizen. Federal jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332. The complaint, however, fails to allege facts from which the court can determine whether jurisdiction exists.

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint filed by the plaintiffs fails to meet this essential requirement. More specifically, the court is unable to determine from the allegations of the complaint whether the citizenship of the plaintiffs is diverse from the citizenship of the defendant. The sole defendant is allegedly a citizen of Missouri. However, the plaintiffs consist of two limited liability companies and a limited partnership. These entities take their citizenship from the states of citizenship of their members. *See Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003).* To determine the citizenship of the limited liability company, "a federal court thus needs to know

each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Engineering, L.C. v Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). To proceed without such knowledge can result in a waste of time and resources for both the court and parties, since subject-matter jurisdiction cannot be waived and must be raised sue sponte even on appeal. *Belleville*, 350 F.3d at 693-94. As the Seventh Circuit has reminded district courts, "inquiring whether the court has jurisdiction is a federal judge's first duty in every case" *Id*. at 693.

For this reason, the complaint is ordered dismissed for failure to allege subject-matter jurisdiction. To avoid paying another filing fee, Plaintiff has leave to amend within 30 days. Failure to amend within that time will result in a dismissal of the action without prejudice.

**SO ORDERED** at Green Bay, Wisconsin this __22nd__ day of February, 2019.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach, Chief Judge
                                                     United States District Court